## HALL, et al. *v.* BROWN'S CREEK SUB-DRAINAGE DISTRICT No. 1.

In Banc. June 13, 1949.

(41 So. (2d) 46)

**Brown & Ellege,** for appellants.

**J. S. Finch,** and **Cunningham & Cunningham,** for appellee.

874

**Roberds, J.**

Brown's Creek Drainage District No. 2 was created and organized in 1919. It embraces territory lying within Prentiss and Itawamba Counties, Mississippi. The area is approximately a mile wide and five or six miles long. The benefited lands, as found by the Commissioners, consisted of 3003.4 acres. The principal, if not the only, improvement made in the district was the construction of three main canals, known as the Big Brown, Little Brown and West Little Brown. In 1947 proceedings were instituted in the Chancery Court to raise additional money to be used mainly in cleaning out, enlarging, and doing other incidental work upon said three canals. Many of the landowners of the district protested this expenditure and the additional levy of taxes therefor, and the court, by decree dated February 3, 1948, refused to, approve it. The matter was then dropped.

In September, 1948, the present petition was filed to create a sub-district known as Brown's Creek Sub-drainage District No. 1. The sub-district embraces lands lying entirely within, but not coextensive with, the boundaries of the original district. The territory covered by the boundaries of the old district on the east and west thereof is wider than that included within such boundaries of the sub-district and the south boundary of the sub-district lacks some two miles of extending as far south as the south boundary of the old district. The benefited area in the sub-district is stated to be 1858 acres in the uniform amount of $30.00 per acre, aggregating a total benefit of $55,763.00. The required expenditure necessary to make the proposed improvements, according to the estimate of the engineer and commissioners, is $36,305.87.

Certain landowners in the sub-district protested its creation, the issuance of bonds and levy of taxes, which protest was overruled by the Chancellor. He entered a decree creating the sub-district, appointing commissioners thereof, and authorized the issuance and sale of bonds, the levy of taxes, the performance of the proposed work and payment therefor out of the funds to be so raised, from which action this appeal is taken.

It is disclosed that of the said sum of $36,305.87, expected to be raised by issuance and sale of bonds of the sub-district, to be paid by yearly levy of taxes against the lands of the district, it is the intention to expend approximately $10,000 in the construction of a new canal, and to use the balance thereof in clearing, cleaning out, excavating, and improving the condition of the three existing canals which were constructed with funds of the original district, but all new work to be within the sub-district. In other words, about two-thirds of the funds of the sub-district are to be expended upon the canals of the parent district. The sole question raised on this appeal is whether the funds of the sub-district can be so used. We do not think so for these, and other unstated, reasons:

The wording of Section 4737, Code 1942, authorizing the formation of sub-drainage districts and defining the duties and powers of the commissioners thereof, negatives that conclusion. That Section directs the commissioners to ascertain the limits of the benefited area of the sub-district and to make ". . . suggestions as to the size of the drainage ditches and their location," and the latter part of said section provides that the funds of the sub-district ". . . shall be used and applied exclusively to the work of constructing and maintaining the internal drains of said subdistrict and in the carrying out and perfecting its internal drains." The quoted phrases do not contemplate, or authorize, the use of the funds of the sub-district in cleaning out, enlarging and improving the existing canals constructed by the parent district.

Furthermore, the existing canals, constructed by the original district, belong to that district. It has such title, or property interest, in the ditches, culverts, rights of way, etc., as may be essential to performance of the functions of the district. It may own equipment and machinery which is used for that purpose. It is the owner of the funds of the district. It has its own obligations. Now, the sub-district does not inherit the property, nor the obligations, of the parent district. The sub-district has no right, or power, to change, alter or interfere with the canals constructed with funds of the original district. It is not an answer to say that in this case the parent district might give its assent. That may be true in this case, but it would not be true in many other cases.

Again, the law provides for, and requires, separate commissioners for each district. The commissioners of the original district have functioned since its creation. Bonds have been issued, obligations incurred, taxes levied, work done, and money expended. Now, if the sub-district has jurisdiction over, and power to alter or change, the drainage system constructed by the original district, manage and handle its property, then there must needs be endless conflict of authority and confusion in performance of duties. For instance, suppose the sub-district spends its funds on the three existing canals, which set of commissioners will have authority and power over them? Who has authority to say when and where they are to be enlarged, cleaned out, altered or changed? In case of diversity of opinion as to the advisability, or feasibility, of the work, alteration or change, who has the final authority? The statutes require separate and independent commissioners. Each district is a separate, corporate entity.

And lastly, to permit the expenditure of the funds of the sub-district upon the old canals, to be raised by taxes levied only upon the lands within that district, would be unjust to the landowners of the sub-district. In this case, for instance, the recent attempt to raise funds in

the old district and levy taxes against the lands therein, to improve the old canals, was defeated. The present proceeding is an effort to have the sub-district do for the original district what the landowners of the original district would not do for themselves. Much of the land of the parent district lies without the sub-district. These outside landowners will pay no tax for the proposed improvements. Two-thirds of the money is to be spent upon canals of the old district, and all of the work, including the proposed new canal, will supposedly inure to the benefit of all of the landowners of the original district, a large part of whom will be paying no tax whatever.

There was no error in creating the sub-district and appointment of the commissioners thereof, but its funds cannot be used upon the canals of the parent district. Therefore, the method of ascertainment by the commissioners of the amount of money necessary to be expended by the sub-district and of the benefits and detriments to the landowners thereof was not based upon the proper factors.

Affirmed in part and reversed in part and remanded.